UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWNA L. MARTIN, | ) |
| Plaintiff, | ) No. CV-08-00180-JPH |
| v. | ) ORDER GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 6, 2009. (Ct. Rec. 14, 17). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) On March 2, 2009, plaintiff filed a reply. (Ct. Rec. 19.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14.)

**JURISDICTION**

Plaintiff protectively filed an application for Supplemental Security Income (SSI) benefits on May 20, 2004, alleging onset as of September 4, 2002. (Tr. 49-50.) The application was denied

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                                    - 1 -

1  initially and on reconsideration. (Tr. 37-38, 40-43.)
2  Administrative Law Judge (ALJ) John R. Crickman held a hearing on
3  September 18, 2006. (Tr. 338-376.)  Plaintiff, represented by
4  counsel, was the sole witness.  On March 5, 2007, the ALJ issued a
5  decision finding plaintiff not disabled. (Tr. 26.)  The Appeals
6  Council denied a request for review on May 8, 2008. (Tr. 5-7.)
7  Therefore, the ALJ's decision became the final decision of the
8  Commissioner, which is appealable to the district court pursuant
9  to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial
10 review pursuant to 42 U.S.C. § 405(g) on June 9, 2008. (Ct. Rec.
11 2. 4.)

## STATEMENT OF FACTS

13    The facts have been presented in the administrative hearing
14 transcript, the ALJ's decision, the briefs of both Plaintiff and
15 the Commissioner, and will only be summarized here.

16    Plaintiff was 38 years old at the time of the decision. She
17 has a high school education.  It is unclear whether she completed
18 training in diesel technology in 1989. (Tr. 58; 190.)  She has
19 worked as a medical assistant, file clerk, sales person, and in
20 home care provider. (Tr. 53, 61.)  Plaintiff alleges disability
21 as of the amended onset date of May 20, 2004, due to bipolar
22 disorder and pain. (Tr. 39, 52.)  Plaintiff testified she can sit
23 for 20 minutes, stand 10 minutes, walk 7-8 blocks or one-half
24 mile, and has been told to limit lifting to 20 pounds. (Tr. 24,
25 referring to Tr. 345, 351-352.)

## SEQUENTIAL EVALUATION PROCESS

27    The Social Security Act (the "Act") defines "disability"
28

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

    The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

    If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3 -

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 4 -

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5 -

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the hearing plaintiff amended her onset date to May 20, 2004. (Tr. 359-360.) The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 18.) At steps two and three, the ALJ found that plaintiff suffers from neck and shoulder pain, migraine headaches, mood disorder, and personality disorder, impairments that are severe but do not meet or medically equal the requirements of the Listings. (Tr. 18-22.) After finding plaintiff not fully credible, the ALJ determined plaintiff has the RFC to perform a wide range of light work. (Tr. 24-25.) At step four, the ALJ found a person with plaintiff's impairments and background could perform her past

relevant work as a medical records clerk and sales person. (Tr. 25.) Because she can perform past work, the ALJ found plaintiff not disabled at step four. (Tr. 25-26.) This finding made step five unnecessary.

**ISSUES**

Plaintiff contends that the Commissioner erred in his assessment of the opinion of Dennis Pollack, Ph.D., and failed to consult a vocational expert; and, a VE's report prepared after the ALJ's decision requires reversal. (Ct. Rec. 15 at 7-11.) The Commissioner responds that the ALJ properly weighed the medical evidence and was not required to consult a vocational expert prior to deciding at step four that plaintiff is able to perform past relevant work. The Commissioner further responds that plaintiff fails to show that the post-decision evidence was unavailable earlier. (Ct. Rec. 18 at 6-16.)

**DISCUSSION**

**A. Assessing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

The ALJ considered the September 9, 2006, opinion (more than two years post onset) of examining psychologist Dennis R. Pollack,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                - 8 -

Ph.D. (Tr. 21-22, 25, referring to Tr. 189-199.)  The ALJ rejected Dr. Pollack's assessed marked and moderate limitations as inconsistent with (1) the psychologist's own testing resting results, including the WAIS-III (indicating average intellectual functioning); (2) his assessed GAF of 60 indicating only moderate impairment in social or occupational functioning; and (3) his observations of plaintiff's daily activities.  The ALJ also notes that Dr. Pollack's assessed limitations appear based on plaintiff's self-reported manic episodes, and the ALJ found plaintiff not fully credible.  (Tr. 21-22, 25).  Plaintiff argues the ALJ failed to properly reject Dr. Pollack's opinion.  (Ct. Rec. 15 at 9-10.)

Dr. Pollack administered tests, reviewed extensive medical records from treating provider James F. Pittman, ARNP, Ph.D., and interviewed plaintiff.  (Tr. 189-199.)  On September 9, 2006, he assessed a marked limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  (Tr. 197.)  He assessed moderate limitations in the ability to maintain attention and concentration for extended periods, and in the ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (Tr. 197.)

The activities plaintiff described to Dr. Pollack included the responsibility of caring for five small children, ages 2 through 16; having completed 1 ½ years of a diesel mechanic program after high school; cooking; performing all normal

household chores; taking a 2006 vacation to Seattle for a family wedding; and drawing. (Tr. 190, 192.)

The ALJ evaluated plaintiff's credibility and found her less than fully credible. (Tr. 24-25.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility, including plaintiff's statements which are not supported by the opinion of her treating physician, daily activities inconsistent with the degree of impairment alleged, and inconsistently reporting her medical history. (Tr. 21, 24-25.)

The ALJ is correct that Dr. Pollack's assessed limitations are inconsistent with the activities noted in his own report. His assessed marked limitation in the ability to perform activities within a schedule, for example, is contradicted by plaintiff's daily routine of getting her children up, ready, and off to school. The ALJ is also correct that the GAF[1] of 60 assessed by Dr. Pollack and others does not support the level of impairment indicated in the check box form.

The ALJ accurately points out that plaintiff's treating psychiatrist, Paul Morrison, M.D., opined on May 24, 2004 (four days after onset), that plaintiff could work. He assessed a GAF of 60-65[2]. (Tr. 221.) Similarly, on May 11, 2004, treating Nurse Pittman opined, with respect to physical limitations, that plaintiff could perform light work. (Tr. 134.) When weighing examining Dr. Pollack's opinion, the ALJ properly gave the opinions of the treating professionals, including Dr. Morrison, greater weight than that of the examining and consulting health care professionals.

The ALJ is correct too that plaintiff's activities,

---

[1] A Global Assessment of Functioning (GAF) of 51 to 60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers).
DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION (DSM-IV), at p.32.

[2] A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational or school functioning (e.g., occasional truancy, or theft within the household) but generally functioning pretty well, has some meaningful interpersonal relationships. (DSM-IV) at p. 32.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 11 -

particularly as a single parent, of caring for five children undermine her disability claim. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ relied on plaintiff's inconsistent statements to medical providers when he assessed her credibility. The ALJ notes plaintiff told Dr. Pollack in 2006 she was knocked out in the second grade when she fell on the playground, causing her to go in and out of consciousness for several hours. (Tr. 21, referring to Tr. 191). The ALJ observes that in May of 2004, plaintiff denied suffering any closed head injury. (Tr. 19, referring to Tr. 219.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible. The ALJ's

assessment of Dr. Pollack's opinion is supported by the record and free of legal error.

**B. Vocational expert**

Plaintiff alleges the ALJ erred by failing to contact a vocational expert prior to finding at step four that she is able to perform past relevant work, and by disregarding the post-decision report of vocational expert Ellen Nagourney. (Ct. Rec. 15 at 11.)

Plaintiff bears the burden at step four of showing she is unable to perform past relevant work. *See e.g., Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Kail v. Heckler*, 722 F. 2d 1496, 1498 (9th Cir. 1984) (burden of proof is claimant's at steps 1-4, and shifts to the Commissioner at step five). Plaintiff failed to meet her burden at step four. The ALJ was not required to take the testimony of a vocational expert prior to his step four determination because plaintiff failed to show she was unable to perform past work.

With respect to Ms. Nagourney's report, the Commissioner is correct that the court may remand based on post-decision evidence only if plaintiff shows good cause for failing to produce the evidence earlier and that the evidence is material. (Ct. Rec. 18 at 14, citing 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Even if the report is considered material, plaintiff does not establish good cause for failing to produce it until after the ALJ's adverse decision.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and

1  supported by substantial evidence..
2  **IT IS ORDERED:**
3  1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is
4  **GRANTED.**
5  2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is
6  **DENIED.**
7  The District Court Executive is directed to file this Order,
8  provide copies to counsel for Plaintiff and Defendant, enter
9  judgment in favor of Defendant, and **CLOSE** this file.
10 DATED this 9th day of March, 2009.
11                              s/ James P. Hutton
12                                JAMES P. HUTTON
                           UNITED STATES MAGISTRATE JUDGE